IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARMONDO GIBB ORTEGA,

    Petitioner,

  v.

JOHN W. HAVILAND,

    Respondent.

                                        /

No. 09-02556 CW

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

On June 9, 2009, Petitioner Armondo Gibb Ortega, a state prisoner currently incarcerated at California State Prison, Solano in Vacaville, California, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his incarceration. Petitioner is represented by counsel. Respondent filed an answer. On September 9, 2009, Petitioner filed a traverse. Having considered all the papers submitted by the parties, the Court DENIES the petition for writ of habeas corpus.

BACKGROUND

On July 7, 2003, Petitioner proceeded to trial to the court, having waived a jury. The victim, who was six years old at the time of the offense, testified that Petitioner molested her approximately two to three times in each of two separate locations. Resp.'s Ex. 15 at 2. The court had evidence of Petitioner's prior

conviction under California Penal Code section 288. Resp.'s Ex. 15 at 4. Petitioner was convicted of six counts of committing a lewd and lascivious act on a child, California Penal Code section 288(a), and one count of failing to register as a sex offender, California Penal Code section 290(a). The court found Petitioner had a prior "strike" conviction, California Penal Code section 1170.12, and a prior violent felony conviction, California Penal Code section 667(a).

Petitioner moved for the appointment of new counsel to represent him in a motion for new trial, contending that his counsel inadequately represented him. The court found counsel was adequate and denied the motion. At sentencing on December 4, 2003, Petitioner presented his motion for a new trial by reading it to the court. The court denied the motion.

The court sentenced Petitioner to 134 years and four months to life in prison. Sentences on all counts were doubled due to Petitioner's prior conviction and were imposed consecutively.

Petitioner timely appealed to the California court of appeal claiming there were ten reversible errors at trial. On November 9, 2005, the court of appeal filed an unpublished opinion rejecting Petitioner's claims and affirming the judgment. Resp.'s Ex. 7. The California court of appeal denied a petition for rehearing on December 6, 2005. Resp.'s Ex. 9. The California Supreme Court denied review on February 22, 2006. Resp.'s Ex. 11.

On February 20, 2007, the United States Supreme Court granted Petitioner's petition for a writ of certiorari, vacated the judgment of the California court of appeal, and remanded the case

2

to the California court of appeal for further consideration in light of Cunningham v. California, 549 U.S. 270 (2007) (holding that California's determinate sentencing law (DSL) was unconstitutional because factors that increased the length of a prisoner's sentence beyond the statutory maximum were not found by a jury or proven beyond a reasonable doubt). Resp.'s Ex. 12.

On November 5, 2007, the California court of appeal issued an unpublished opinion affirming the judgment. Resp.'s Ex. 15. The California Supreme Court denied review on January 16, 2008. Resp.'s Ex. 17. The United State Supreme Court denied Petitioner's petition for a writ of certiorari on June 23, 2008. Resp.'s Ex. 19.

### LEGAL STANDARD

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000). The first prong applies both to questions of law and to mixed questions of law and fact, id. at

3

407-09, and the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. Id. at 409.

If constitutional error is found, habeas relief is warranted only if the error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion of the highest court to analyze whether the state

4

judgment was erroneous under the standard of § 2254(d).  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 801-06 (1991); <u>Shackleford v. Hubbard</u>, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).  In the present case, the California court of appeal is the highest court that addressed Petitioner's claims.

## DISCUSSION

Petitioner supports his petition for a writ for habeas corpus with three separate claims: (1) that the trial court forced him to argue his motion for a new trial without the assistance of counsel; (2) that he was penalized for exercising his right to a trial; and (3) that he was denied a trial by jury as to whether he suffered a prior conviction and was ineligible for probation.

I.   Right to Counsel

Petitioner contends that he was denied his Sixth Amendment right to counsel when he submitted his motion for a new trial because, although defense counsel was physically present, he did nothing, and Petitioner himself argued the motion for new trial.

After his conviction, Petitioner filed a motion requesting the appointment of new counsel to represent him in a new trial motion, contending defense counsel had been ineffective.  Resp.'s Ex. 15 at 12.  The trial court found that counsel was not ineffective and denied the motion to appoint conflicts counsel.  Resp.'s Ex. 15 at 12.  On December 4, 2003, with defense counsel present, the trial court heard Petitioner's new trial motion, which it denied.  Resp.'s Ex. 15 at 13.

In its November 5, 2007 opinion, the court of appeal found that defense counsel assisted Petitioner in his motion for new

5

trial by ensuring that the court would hear the motion and by providing citations to Petitioner when he was reading his motion to the court. Resp.'s Ex. 15 at 13. On this basis, the court rejected Petitioner's claim that he was forced to file a new trial motion without the assistance of counsel. Resp.'s Ex. 15 at 13.

The right to counsel is fundamental to a fair trial as guaranteed by the Sixth Amendment and is binding on the states under the Fourteenth Amendment. Gideon v. Wainwright, 372 U.S. 335, 342 (1963). In Powell v. Alabama, 287 U.S. 45, 68-69 (1932), the Court recognized that "[e]ven the intelligent and educated layman . . . requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence."

A defendant's right to be represented by counsel is a fundamental component of the criminal justice system. United States v. Cronic, 466 U.S. 648, 653 (1984). A defendant's right has been denied and his trial prejudiced (1) if there is a complete denial of counsel; (2) if counsel fails to subject the prosecution to meaningful adversarial testing; or (3) if assistance is so deficient that a presumption of prejudice is appropriate. Id. at 659-60. Only if counsel is totally absent, or prevented from assisting the defendant, is there a complete denial of counsel. Id. at 659.

The California court of appeal found that Petitioner was represented by counsel for the entirety of the proceedings and, specifically, that Petitioner was represented by counsel when he

6

presented his motion for a new trial. Resp.'s Ex. 15 at 13. The court based this on the fact that when Petitioner presented his motion for a new trial, defense counsel was present, ensured that the court had consented to having Petitioner read the motion and provided case citations to Petitioner. Resp.'s Ex. 15 at 13. The court of appeal's analysis is consistent with the Supreme Court's reasoning in Cronic. Defense counsel was not totally absent, nor prevented from assisting Petitioner. The court of appeal was not unreasonable in finding that Petitioner was represented by counsel in his motion for a new trial, in accordance with the Sixth Amendment and the Supreme Court's rulings in Gideon and Powell. Therefore, the court's denial of Petitioner's claim was not contrary to or an unreasonable application of Supreme Court authority.

II. Exercise of Right to Trial

Petitioner contends that he was penalized for exercising his right to trial because of the difference between the 134 year sentence imposed by the court and an initial plea bargain offer of sixteen years, which he refused. Petitioner argues that, because no new evidence was adduced between the preliminary examination and the sentencing, his sentence was punishment for exercising his right to trial.

In its opinion on direct review, the court of appeal, relying on California law, held that a sentence based on a trial court's consideration of a defendant's decision to go to trial instead of pleading guilty is unconstitutional. However, the court determined that nothing said by the trial court indicated that the sentence

7

1  imposed resulted from Petitioner's exercise of his constitutional
2  right to trial. Resp.'s Ex. 15 at 16. The court found that
3  Petitioner was convicted of six counts of sexual abuse, and the
4  bargained-for sentence was offered for a plea to only one count.
5  Resp.'s Ex. 15 at 17. The court concluded that the disparity
6  between the initial plea offer and the ultimate sentence imposed
7  alone was not enough to demonstrate that Petitioner had been
8  penalized for exercising his right to trial.

The Sixth Amendment directs, in relevant part, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. A sentencing scheme that penalizes a criminal defendant for exercising his right to a jury trial is unconstitutional. Grisby v. Blodgett, 130 F.3d 365, 369-70 (9th Cir. 1997). However, the Supreme Court has firmly established that the prosecutor's offer of an attractive sentence to a defendant in return for a guilty plea does not violate the Constitution. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). The prosecutor's interest at the bargaining table to persuade the defendant to forgo his right to plead not guilty is constitutionally legitimate. Id. Plea bargaining does not violate due process even though a defendant may feel considerable pressure to plead guilty in return for a more lenient penalty. McKune v. Lile, 536 U.S. 24, 42 (2002).

The court of appeal correctly reasoned that the prosecutor had a constitutional incentive to offer an attractive sentence to Petitioner in an effort to persuade him to accept a deal. The court found that the difference between Petitioner's ultimate

8

sentence and the initial offer reflected the number of counts of which Petitioner was convicted.  Although Petitioner argues that no new facts were discovered after the initial offer, the appellate court noted that, in rejecting a plea offer, a defendant may face a more severe sentence because the trial court is allowed to take into consideration details from the trial at sentencing.  The appellate court's reasoning highlights the essential difference between accepting a plea offer and exercising a right to trial, which the Supreme Court recognized in Bordenkircher, 434 U.S. at 364 (noting that the risk of more severe punishment may factor into a defendant's decision to plead guilty but this risk analysis is inevitable and permissible).

The court of appeal's denial of Petitioner's claim was not contrary to or an unreasonable application of Supreme Court authority.

III. Right to Jury Trial for Prior Conviction and Eligibility for Probation

Petitioner claims that, although he waived his right to a jury trial, the facts that increased the penalty for his crime should have been found by a jury instead of the court.  Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), Petitioner argues that the trial court judge made a determination of fact to conclude that he was not eligible for probation.

A.   Right to Jury Trial for Prior Conviction

On remand from the U.S. Supreme Court, the California court of appeal upheld the trial court's sentence and rejected Petitioner's claim that the federal Constitution requires that a jury find the

9

existence of his prior conviction beyond a reasonable doubt. Resp.'s Ex. 15 at 18-19.  The court found that, under California law, in waiving his right to a jury trial, Petitioner had consented to a trial of all the issues in the case before a court sitting without a jury.  Resp.'s Ex. 15 at 19.

Furthermore, because it was the fact of Petitioners's prior conviction that had enhanced his sentence and denied him eligibility for probation, the court found that Apprendi did not apply.  530 U.S. at 490 (holding that, other than prior convictions, facts that would increase the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt).  The state court concluded that, under U.S. Supreme Court precedent, no additional findings were required to justify Petitioner's sentence.  Resp.'s Ex. 15 at 19.

Although it may increase the penalty for a crime, the existence of a prior conviction is not a fact that must be submitted to a jury and proved beyond a reasonable doubt. Apprendi, 530 U.S. at 490.  In Blakely v. Washington, 542 U.S. 296, 302-03 (2004), the Court applied its holding in Apprendi and reaffirmed that the finding of a prior conviction need not be submitted to a jury.  In Cunningham v. California, the Court found that California's determinate sentencing law (DSL) violated Apprendi's brightline rule because circumstances in aggravation were found by the judge, not the jury, and needed only to be established by a preponderance of the evidence, not beyond a reasonable doubt.  549 U.S. at 288.  However, Cunningham reiterated the Court's exception that prior convictions need not be found by a

10

jury. 549 U.S. at 274-75.

Petitioner's sentence was enhanced under California law for a prior conviction of sexual abuse. Under all U.S. Supreme Court authority, a prior conviction is excepted from the aggravating circumstances and additional factual findings that must be tried to a jury. The court of appeal correctly applied this exception when it determined that neither the California nor federal Constitution conferred the right to a jury trial to determine whether Petitioner suffered a prior conviction.

The state court's denial of Petitioner's claim was not contrary to or an unreasonable application of Supreme Court authority.

B.  Right to Jury Trial for Probation Eligibility

Petitioner claims that determining his eligibility for probation under California Penal Code section 1203.066(c) required a finding of fact other than his prior conviction. That Penal Code section lists conditions that, if met, make probation possible for certain sex offenders.[1] The court of appeal found that Petitioner was ineligible for probation pursuant to California Penal Code section 1203.066(a)(5), which states that "probation shall not be granted to . . . a person who is convicted of committing a violation of section 288 . . . and who has been previously convicted of a violation of section 288." Resp.'s Ex. 15 at 20. The court found that Petitioner did not qualify for probation under

---

[1] Because the offense took place in 2002, Petitioner's eligibility for probation is dictated by California Penal Code § 1203.066 (2002).

11

California Penal Code section 1203.066(c) because it makes probation available to defendants whose eligibility is determined by sections 1203.066(a)(7), (8) or (9).  Resp.'s Ex. 15 at 20. Probation is not available under section 1203.066(c) for offenders who are categorized by section 1203.066(a)(5), as Petitioner was. Because California law precludes a person twice convicted of violating Penal Code section 288 from being eligible for probation, the court denied Petitioner's appeal on this issue.

Petitioner's eligibility for probation is based on California statutory law and, thus, this claim is not cognizable for federal habeas relief.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Even so, the court of appeal correctly found that under California Penal Code section 1203.066(a)(5), Petitioner is precluded from probation based on his prior conviction.  Contrary to Petitioner's contention, the court did not have to engage in any fact finding and, as stated above, under Apprendi and Cunningham, Petitioner had no right to a jury trial to determine whether he suffered a prior conviction.  Therefore, the court of appeal's denial of this claim was not contrary to or an unreasonable application of Supreme Court authority.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied.  The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: July 22, 2010

CLAUDIA WILKEN
United States District Judge

12